FILED

98 JUL 10 PM 3:30

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

JUL 1 0 1998

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

THOMAS M. BRADLEY, )
                   )
        Plaintiff, )
                   )
vs.                ) CV 97-PT-2393-M
                   )
CITY OF GADSDEN, et al., )
                   )
        Defendants. )
                   )

Memorandum Opinion

This cause comes on to be heard on a motion for summary judgment filed by the defendant, City of Gadsden ("Gadsden"), on May 18, 1998. The defendant grounds its motion on the plaintiff's allegedly having failed to file a charge with the Equal Employment Opportunity Commission within 180 days of the last act of discrimination taken against him. The plaintiff replies that the discriminatory acts taken against him were part of an ongoing, or continuing, pattern of discrimination against him, that the statute of limitations period in which the plaintiff was required to file a charge was tolled by the representations of the personnel director to whom he took his complaint of discrimination and that the defendant failed to affirmatively plead the statute of limitations defense and should, therefore, not be permitted to raise it. The defendant replies that there is no appropriate continuing violation basis for avoiding the limitations period, that the personnel director's failure to inform the plaintiff of his right to file a charge with the EEOC does not toll the 180-day filing period, and that it was permitted to amend its complaint to allege its statute of limitations defense.

On a motion for summary judgment, the court must assess the proof to ascertain whether there is a genuine need for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

33

Summary judgment is appropriate only if this court concludes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A party seeking summary judgment bears the initial responsibility of informing this court of the grounds for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits that it believes demonstrate the absence of a genuine issue of material fact. Id. at 323. Once the moving party has met this burden, the nonmoving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 523 (11th Cir. 1994). Rule 56(e) requires the nonmoving party to go beyond the pleadings and by affidavits, or by the depositions, answers to interrogatories, and admissions on file designate specific facts showing there exist genuine issues for trial. Celotex, 477 U.S. at 324; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). The court may consider the offered "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any..." in deciding whether to grant or deny a summary judgment motion. FED. R. CIV. P. 56(c). In resolving whether a given factual dispute requires submission to a jury, the court must view the presented evidence through the looking glass of the substantive evidentiary burden. Anderson, 477 U.S. at 254-55. The court, however, must avoid weighing conflicting evidence for probity or making credibility determinations. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992). "It is not part of the court's function, when deciding a motion for summary judgment, to decide issues of material fact, but rather decide whether such issues exist to be tried. The Court must avoid weighing conflicting evidence or making credibility determinations." Hairston v. Gainesville Sun Publishing Co., 9 F.3d 913, 919 (11th Cir. 1993). However, incomplete or anecdotal evidence will not aid the non-movant in demonstrating a genuine issue of material fact. "The nonmoving party must provide more than a mere scintilla of evidence to survive a motion for judgment as a matter of law; 'there must be a substantial conflict in evidence to support a jury question.'" Tidwell v. Carter Products, --- F.3d ---, 1998 WL 80143 at *3 (citing Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir.1989)).

In light of the above, this court must canvass the evidence to determine if there is a genuine issue of material fact.

## FACTS

Thomas M. Bradley is a Japanese-American male employed by the Gadsden Police Department. Bradley asserts that during the time period involved in the instant suit, several requests for promotion in the police department were denied, based largely upon a reprimand issued against him on April 12, 1995. After the reprimand was issued, the plaintiff appealed within the police department. The department agreed to remove the reprimand from his file one year after its issuance as part of a settlement agreement. In August 1996, the plaintiff requested reassignment to the narcotics division of the department and was denied the reassignment. In a grievance proceeding following the denial of reassignment, then Chief of Police John Morris indicated that he would talk to the plaintiff about removing the reprimand. In the later discussion, Chief Morris refused to remove the reprimand. The reprimand remained in the plaintiff's file until after the initiation of the instant suit, when it was removed by the new Chief of Police, Jim Tosh. The refusal to remove the reprimand, along with other promotion denials in which Morris participated are alleged by the plaintiff to create a reasonable inference of discrimination, particularly in light of anti-Asian comments allegedly made by Chief Morris.[1]

## CONTENTIONS & ANALYSIS

The plaintiff's claim that the defendants cannot raise the limitations period issue because it was not in their answer or pretrial brief is inapposite. The court permitted the defendant to amend its answer to present such a claim on April 29, 1998. The court will therefore only consider the plaintiff's claims that the discrimination against him was the result of a continuing violation that extended until the time that he filed the charge and that the 180-day limitations period was equitably tolled.

"In determining whether a discriminatory employment practice constitutes a continuing violation, this Circuit distinguishes between 'the present consequence of a one time violation, which does not extend

---

[1] The court will not detail all of the averred acts of discrimination allegedly taken by Chief Morris and others in the police department. The court notes, however, that due to issues of timing or nature of the events, most of those events cannot be associated with Chief Morris's continued refusal to remove the reprimand. The only other event arguably related to the refusal to remove the reprimand as scheduled is a decision not to reassign Bradley to the identification/investigative section of the department in June of 1996. All other claims that, apparently by admission, are unrelated to the failure to remove the reprimand from the plaintiff's file will therefore be DISMISSED and defendant's motion for summary judgment on those claims will be GRANTED.

the limitations period, and the continuation of the violation into the present, which does.'" <u>Calloway v. Partners National Health Plans</u>, 986 F.2d 446, 448 (11th Cir. 1993) (citing <u>Beavers v. American Cast Iron Pipe Co.</u>, 975 F.2d 792, 796 (11th Cir. 1992)). "The emphasis is not upon the effects of earlier employment decisions; rather, it 'is [upon] whether any present violation exists.'" <u>Del. State College v. Ricks</u>, 449 U.S. 250, 258 (quoting <u>United Air Lines, Inc. v. Evans</u>, 431 U.S. 553, 558 (1977)). In the instant case, the plaintiff's claim is not premised on the police department's reprimand of him, but upon Chief Morris's continued and allegedly discriminatory refusal to remove the reprimand from the plaintiff's file. This fact creates a continuing violation. While placing the reprimand in the file may have constituted a single act from which discrimination flowed, constituting a single, individuated violation, each day that Chief Morris failed to remove the reprimand from file when he, allegedly, was required to do so, was a continuing violation. The discriminatory act is the sustained decision not to remove the reprimand, which continued until Morris eventually vacated his position.

Because the refusal to remove the reprimand from plaintiff's file and its consequences in the potential denial to the plaintiff of transfers to the narcotics section and the identification/investigation section are allegedly part of a continuing violation that reaches into the 180-day limitations period, the defendant's motion for summary judgment on these claim(s) will be DENIED.[2]

The plaintiff claims that he was not told by the personnel director of his option to pursue his claim with the EEOC if his grievance was not resolved. As a consequence, he alleges that he relied on the director's advice and filed his charge a month too late. The defendant has posted at the police department a notice of anti-dscrimination rights and remedies. The plaintiff's failure to have read the notice and his mistaken knowledge of the law weighs on his own shoulders. The limitations period will not be equitably tolled. See <u>Kazanzas v. Walt Disney World Co.</u>, 704 F.2d 1527, 1530 (11th Cir. 1983)(holding that ignorance of legal rights does not toll the 180-day limitations period).

---

[2] The defendant contends in its response brief that the only individual who reviewed the plaintiff's personnel file in the relevant time period was the plaintiff himself. It does not present any factual support for the position other than a reference to an affidavit of Linda Cox. The court will not address this argument here, as the plaintiff has had no opportunity to reply. If, in fact, it is the case that the plaintiff's file was not reviewed in reassignment decisions, that will have an impact on plaintiff's claims at trial. However, it does not necessarily defeat a claim that the reprimand was left in his file for discriminatory reasons, with or without consequence.

CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment will be GRANTED with respect to all claims that do not relate to Chief Morris's refusal to remove the reprimand from the plaintiff's file and those claims will be DISMISSED. The defendant's motion, as related to all claims involving Chief Morris's continued refusal to remove the reprimand from plaintiff's file, will be DENIED.

This 10 day of July 1998.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

5